UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MIGUEL A. GUERRERO,

                        Plaintiff,

   - against -

FIRE DEPARTMENT, CITY OF NEW YORK, ET AL,
LT. DESANTIS, CHIEF PASCLE,

                        Defendants.

------------------------------------------------------------- x

**STIPULATION AND**
**PROTECTIVE ORDER**

07 CV 3986 (SHS)(KNF)

      **WHEREAS**, plaintiff has sought from defendants in discovery in this action, certain documents which defendants deem confidential, and

      **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured,

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

      1. As used herein, "Confidential Materials" shall mean all testimony and documents and the information contained therein regarding personnel matters relating to John DeSantis, Frances Pascale and personnel of the New York City Fire Department and/or the City of New York other than plaintiff in this action, including, but not limited to, (a) personnel files and the information contained therein including, but not limited to, information regarding salary, promotions, discipline, evaluations, post and tour assignments, and internal and external Equal Employment Opportunity complaints; (b) time and leave records, including but not limited to timesheets, overtime records, requests for leave, and any and all documentation accompanying requests for leave; (c) copies of any documents containing information about the actual or

potential personnel action taken with respect to any present or former personnel of the New York City Fire Department and/or the City of New York other than plaintiff in this action, including, but not limited to, copies of investigation files, disciplinary files, internal and external Equal Employment Opportunity files; (d) any documents identified by defendants as subject to this order; and (e) any documents that the Court directs to be produced subject to this order.

2. Documents and information are not Confidential Materials to the extent that they (a) are properly obtained by plaintiff from a source other than defendants herein, or (b) are otherwise publicly available.

3. Neither plaintiff nor plaintiff's attorney shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

4. Neither plaintiff nor plaintiff's attorneys shall disclose the Confidential Materials to any person, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff or plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff or plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A,

2

          not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff or plaintiff's attorney and a copy shall be furnished to defendants' attorney within ten (10) days.

    d.    Disclosure may be made to any member of the staff of plaintiff's attorney's law office to whom such disclosure is reasonably necessary to the preparation or presentation of plaintiff's case in this action.

    5.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

    6.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants, at the reasonable expense of defendants, and all persons who possessed such materials, other than plaintiff or plaintiff's attorney shall verify their return by affidavit or certification furnished to defendants' attorney; plaintiff or plaintiff's attorney shall represent that all Confidential Materials have been returned; provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not be used by plaintiff or plaintiff's counsel in any other case against the City of New York, it agencies or its employees and the same shall be verified to defendants' attorney.

8. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:    New York, New York
          June 17, 2008

Dated:    New York, New York
          June 30, 2008

Miguel A. Guerrero
Plaintiff *Pro Se*
400 Fort Washington Avenue, Apartment 6F
New York, New York 10033

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-146
New York, New York 10007
Tel: (212) 676-2750
Email: aoconnor@law.nyc.gov

By: /s/ Miguel A. Guerrero

By: /s/ Andrea O'Connor
    Andrea O'Connor
    Assistant Corporation Counsel

SO ORDERED: 7/14/08

/s/ Kevin Nathaniel Fox
United States Magistrate Judge

4